**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FARM LABOR ORGANIZING COMMITTEE, et al.,

*Plaintiffs*,

v.

JULIE A. SU,
Acting Secretary of Labor, et al.,

*Defendants*.

Civil Action No. 1:24-cv-0706 (ACR/GMH)

## STIPULATION AND ORDER OF DISMISSAL

Pursuant to the parties' attached settlement agreement in this matter, which the Court approves, the parties to this action stipulated to dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), contingent on the Court retaining jurisdiction to enforce the terms of the parties' settlement agreement for three years from today's date. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

The Court hereby ORDERS, with the consent of the parties, that, for three years from today's date, the Court shall retain jurisdiction to enforce the terms of the parties' settlement agreement. The Court DISMISSES this case with prejudice.

**SO ORDERED.**

Date: December 9, 2024

Ana C. Reyes
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FARM LABOR ORGANIZING COMMITTEE, et al.,

Plaintiffs,

v.

JULIE A. SU,
Acting Secretary of Labor, et al.,

Defendants.

Civ. A. No. 24-0706 (ACR/GMH)

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is hereby made by and between Plaintiffs Farm Labor Organizing Committee, Comité de Apoyo a los Trabajadores Agrícolas, Sin Fronteras Organizing Project, Workers' Center of Central New York, Pineros y Campesinos del Noroeste, and Coalition of Florida Farmworker Organizations, and Defendants Acting Secretary Julie A. Su, in her official capacity as Acting Secretary of Labor, and the Department of Labor ("Department") (collectively, the "Parties").

WHEREAS, on March 12, 2024, Plaintiffs filed a Complaint against Defendants alleging violations of the Administrative Procedure Act ("APA"), 5 U.S.C. 551 *et seq.*, for failure to comply with certain of its obligations set forth in 29 C.F.R. Part 42. The Complaint specifically alleged that "Defendants' failure to establish and maintain a National Farm Labor Coordinated Enforcement Committee and Regional Farm Labor Coordinating Committees that annually develop written coordinated enforcement plans, maintain contact with farm labor groups to exchange information and coordinate activities, and hold annual public meetings as described in

29 C.F.R. § 42.40(f) constitutes agency action unlawfully withheld or unreasonably delayed in violation of the [APA], 5 U.S.C. 706(1)."

NOW, THEREFORE, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Plaintiffs' claims, to avoid the burden of protracted litigation, the Parties wish to effectuate a settlement of the above-captioned matter and hereby agree as follows:

1. The Department agrees that, for as long as the regulations at 29 C.F.R. Part 42 are in effect and unchanged, the Department will take the following actions consistent with those regulations:

a. The Department will establish and maintain a National Farm Labor Coordinated Enforcement Committee ("National Committee"). The National Committee will consist of the Deputy Secretary of Labor, the Solicitor of Labor, the Assistant Secretaries for the Employment and Training Administration and the Occupational Safety and Health Administration, and the Administrator for the Wage and Hour Division, and will meet twice annually.

i. The National Committee will be responsible for guiding Department components on enforcement related to farmworkers; reviewing policies, guidelines, and enforcement goals and strategies for the Department with respect to migrant farm-labor related enforcement efforts under the statutes listed in 29 C.F.R. Part 42; working to resolve any policy conflicts between Department components; and providing recommendations to Department components on related enforcement activities.

ii. The National Committee will review the policies of the Occupational Safety and Health Administration, the Wage and Hour Division, the United States Employment Service, and the Office of the Solicitor, and promote coordination among the respective agencies in enforcement related to migrant farmworkers.

iii. There will be a National Committee staff level working group consisting of staff from the Wage and Hour Division, the Employment and Training Administration (the "National Monitor Advocate"), the Occupational Safety and Health Administration, and the Office of the Solicitor that will meet at least quarterly.

iv. Once the National Committee has formed, the staff-level working group will develop the boundaries of the specific geographic regions for the Regional Farm Labor Coordinated Enforcement Committees ("Regional Committees"), after considering the relevant needs of the agencies, as well as similar agricultural industries and input from stakeholders.

b. Each region, as determined by the National Committee, will establish a Regional Committee, which will include representatives from the Wage and Hour Division, the Occupational Safety and Health Administration, the Employment and Training Administration (the "Regional Monitor Advocate" appointed pursuant to United States Employment Service regulations), and the Office of the Regional Solicitor. The Wage and Hour Division Regional Administrator will be the head of each Regional Committee.

i. Each Regional Committee will meet at least quarterly.

ii. Each Regional Committee will develop a written farm labor coordinated enforcement strategy, accounting for the particular agricultural conditions of the region.

iii. As part of each Regional Committee's enforcement strategy, the Regional Committees will, as they deem appropriate, share and continue existing initiatives and outreach regarding migrant farmworkers.

iv. Each Regional Committee will develop and maintain contacts with state agencies, farm labor groups, growers, and other interested parties to engage in strategic outreach.

v. Each Regional Committee will hold hybrid (both virtual and in-person) regional public meetings once per year.

A. At a minimum, the head of each Regional Committee will attend in-person.

B. The Regional Committees will take into consideration peak growing season in scheduling these meetings.

c. The Department, as it deems appropriate, will draw upon existing efforts, including the annual Virtual Agriculture Seminar hosted by the Wage and Hour Division's Southwest Region, to host a nationwide annual public meeting including the relevant Department components, which will be open to the public (including all appropriate migrant farmworkers, farm labor groups and grower associations) with notice being provided on the Department's website or similarly widely accessible electronic resource. The meeting topics will include opportunities for public input on issues of national importance to farmworkers and relating to national policy issues, such as discontinuation of services in the Employment Service and transportation safety, among other topics.

d. The Department will develop annual national coordination plans and regional enforcement strategies concerning farm labor-related enforcement responsibilities. The coordination plans will address what the Department determines relevant to coordinated enforcement, including, as appropriate, migrant housing inspections, the referral of complaints, enforcement action on violations of federal employment laws subject to the jurisdiction of the Department, and assistance to migrant farmworkers, among other issues.

2. The Department will establish the National Committee, Regional Committees, and associated working groups within four months of the effective date of this Agreement. The Department will create the coordinated enforcement strategies identified above within six months of establishing the National and Regional Committees and may amend such strategies as it deems appropriate. Each Regional Committee will hold its annual regional public meeting within one year of creating the strategies.

3. The Department will provide a written report outlining compliance with this Agreement to Plaintiffs twice per year for three years. The Department will provide the first report no later than six months after the effective date of this Agreement.

4. The Parties agree that the entry of the Agreement is final and binding between themselves as to all issues raised in the Plaintiffs' Complaint, except that the Agreement is contingent on the Court agreeing to retain jurisdiction to enforce the terms of this Agreement for three years.

5. Plaintiffs and Plaintiffs' counsel agree and consent to Defendants' counsel filing the Stipulation and Proposed Order of Dismissal attached hereto bearing Plaintiffs' counsels' printed signatures (designated "By Permission") with the Court, and such filing shall constitute a

dismissal of the Civil Action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), except that the stipulation of dismissal is contingent on the Court agreeing to retain jurisdiction to enforce the terms of this Agreement for three years. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

6. In the event that either Party seeks to modify the terms of this Agreement, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either Party believes that the other party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim as specified below. The Parties will meet and confer (in-person conferral will not be required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court. If the Parties are unable to resolve the claim after meeting and conferring, either Party may pursue relief from the Court.

7. In the event that the Department fails to meet a deadline specified in this Agreement and the Department has not sought to modify that deadline, Plaintiffs' first remedy, after the meet-and-confer process as described in Paragraph 6, will be a motion to enforce the terms of this Agreement. This Agreement will not, in the first instance, be enforceable through a proceeding for contempt of Court.

8. The Parties agree that each side will bear their own costs and fees in this action, including any future costs and fees incurred in connection with enforcing the terms of this Agreement.

9. Nothing in this Agreement shall be construed to otherwise limit or modify any discretion accorded to the Department by the laws under the Department's jurisdiction, the APA,

or general principles of administrative law in taking any actions that are the subject of the Agreement.

10. Nothing in this Agreement shall be interpreted as, or constitute, a commitment or requirement that the Department take any action in contravention of the laws under the Department's jurisdiction, the APA, or any other law or regulation, either substantive or procedural. In the case of a conflict between the provisions of this Agreement and any judicial order, injunction, declaration, or directive, the latter shall control and, notwithstanding any provision herein, the Department adhering to the latter shall not be deemed a breach of any obligations in this Agreement.

11. This Agreement has been entered into by Plaintiffs and Defendants solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Agreement is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses or of any other issue of fact or law, and shall not be deemed a waiver of any claim or defense. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed, either as an admission that the Department, or any of its present or former employees or agents, violated any of Plaintiffs' rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiffs in connection with this case or otherwise. This Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against the Department or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

12. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims disputed by the parties.

13. The possibility exists that circumstances outside the reasonable control of the Department could delay compliance with the obligations in this Agreement. Such situations include, but are not limited to, a government shutdown; budget constraints; catastrophic environmental events; and extreme weather events (including but not limited to drought and hurricanes). Should a delay occur due to such circumstances, and notwithstanding any provision herein, any resulting failure to fulfill any obligation set forth herein shall not constitute a failure to comply with the terms of this Agreement. Once the circumstances preventing compliance abate, the Department shall take reasonable measures to address the obligation.

14. The obligations imposed upon the Department under this Agreement can only be undertaken using appropriated funds. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the Department obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341, et seq., or any other applicable federal statute.

15. The Parties agree that nothing herein shall cabin the Department's discretion to revise, amend, delete, or otherwise modify the regulations found at 29 C.F.R. Part 42 through appropriate rulemaking and amendment procedures. Should the Department revise, amend, delete, or otherwise modify the regulations found at 29 C.F.R. Part 42, the obligations of this Agreement shall be superseded by the provisions of any revised, amended, deleted, or otherwise modified regulations and the provisions set forth in Paragraphs 1 and 2 of this Agreement shall be null and void.

16. The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver, or by such party's counsel.

17. The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

18. The Parties understand and agree that this Agreement, including all the terms and conditions of the compromise settlement herein and any additional agreements may be made public in its entirety.

19. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually executed original.

20. This Agreement shall be governed by the laws of the United States and the District of Columbia without regard to the choice of law rules utilized in that jurisdiction.

21. The Effective Date of this Agreement will be the date of the filing of the Stipulation of Dismissal.

22. This Agreement contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

23. The provisions of this Agreement are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire Agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provisions in accordance with the remaining provisions of this Agreement.

24. Any notice required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered by hand, overnight delivery service capable of providing tracking information, or transmitted by email, addressed as follows or as each party may subsequently specify by written notice to the other:

*If to Plaintiffs:*

Farm Labor Organizing Committee
1221 Broadway Street
Toledo, OH 43609
bvelasq@floc.com

Comité de Apoyo a los Trabajadores Agrícolas
4 S. Delsea Drive
Glassboro, NJ 08028
jculley@cata-farmworkers.org

Sin Fronteras Organizing Project
201 East Ninth Avenue
El Paso, TX 79901
cmarentess@gmail.com

Workers' Center of Central New York
2013 E. Genesee Street
Syracuse, NY 13210
jmaxwell@workerscentercny.org

Pineros y Campesinos Unidos del Noroeste
300 Young Street
Woodburn, OR 97071
reynalopez@pcun.org

Coalition of Florida Farmworker Organizations

*If to Defendant:*

Sara Conrath
Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave. NW, Suite N2716
Washington, DC 20210
Conrath.Sara.A@dol.gov

*with a copy to:*

Christina O'Tousa
Assistant United States Attorney
601 D St. NW
Washington, DC 20530
christina.o'tousa@usdoj.gov

778 W. Palm Drive
Florida City, FL 33034
arturo.lopez@coffo.org

*with a copy to Plaintiffs' counsel:*

Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-7728
mkirkpatrick@citizen.org

25. Each signatory to this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below their signature, and has done so freely and voluntarily, without any degree of duress or compulsion. This Agreement is effective when signed by counsel for all parties hereto.

<REMAINDER OF PAGE LEFT BLANK; SIGNATURE PAGES TO FOLLOW>

**FOR DEFENDANTS ACTING SECRETARY JULIE A. SU, IN HER OFFICIAL CAPACITY, AND DEPARTMENT OF LABOR:**

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: CHRISTINA O'TOUSA Digitally signed by CHRISTINA O'TOUSA Date: 2024.11.26 15:39:51 -05'00' Date: November 26, 2024

CHRISTINA O'TOUSA
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437
christina.o'tousa@usdoj.gov

*Attorneys for the United States of America*

**FOR PLAINTIFFS FARM LABOR ORGANIZING COMMITTEE, COMITÉ DE APOYO A LOS TRABAJADORES AGRÍCOLAS, SIN FRONTERAS ORGANIZING PROJECT, WORKERS' CENTER OF CENTRAL NEW YORK, PINEROS Y CAMPESINOS DEL NOROESTE, AND COALITION OF FLORIDA FARMWORKER ORGANIZATIONS:**

By: Michael T. Kirkpatrick          Date: November 26, 2024

Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-7728
mkirkpatrick@citizen.org

*Counsel for Plaintiffs Farm Labor Organizing Committee, Comité de Apoyo a los Trabajadores Agrícolas, Sin Fronteras Organizing Project, Workers' Center of Central New York, Pineros y Campesinos del Noroeste, and Coalition of Florida Farmworker Organizations*

APPROVED AND SO ORDERED ON December 9, 2024.

United States District Judge